UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD PERRY,

    Plaintiff,

v.                                                Case No. 3:25cv662-LC-HTC

CENTURION INC, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald Perry, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 against prison officials at the Florida Department of Corrections ("FDOC") and officials at Centurion. Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice because Perry is a three-striker under 28 U.S.C. § 1915(g) who has not paid the filing fee and has not sufficiently alleged he is in imminent danger of serious physical injury.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot proceed *in forma pauperis* if he has filed at least three (3) cases which have been dismissed for failure to state a claim, or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception to the three-striker bar is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

As Perry himself admits, he is a three-striker. Doc. 1 at 9 ("I was hit with the 'three strike rule' by previous Middle District Court of Florida); *see Perry v. Mercado*, No. 2:23-cv-985, Doc. 6 (M.D. Fla. Nov. 28, 2023) (identifying Perry as a three-striker); *see also Perry v. Frizzell*, No. 17-12551 (11th Cir. Aug. 10, 2017) (identifying Perry as a three-striker). Because Perry is a three-striker, he needed to pay the filing fee upon filing his complaint unless he has shown he is in imminent danger of serious physical harm. *See* N.D. Fla. Loc. R. 5.3 (requiring payment of

Case No. 3:25cv662-LC-HTC

the full filing fee or motion to proceed *in forma pauperis* "simultaneously" with the complaint).

However, Perry has not satisfied this exception. He alleges that in May 2024 while in FDOC custody, he underwent three unsuccessful hernia surgeries at Jackson Memorial Hospital. He is "constantly worr[ied]" it will "bust or break open," has difficulty walking, constantly falls, suffers from pain, and has been provided a cane. Doc. 1 at 6. Although Perry claims Defendants have delayed further medical treatment (*Id.* at 5-6), attached to Perry's complaint is an April 24, 2025, grievance response from the FDOC, stating: "[y]ou have hernia surgery scheduled in the near future. Please submit a sick call should you have health concerns that need to be addressed before your scheduled transfer to RMC [i.e., the Reception Medical Center]." *Id*. at 18. Nonetheless, Perry seeks to have surgery at a different facility and seeks to have it occur sooner. Those allegations, even if true, are insufficient to show Perry is in imminent danger of serious physical harm.

While the Eleventh Circuit has held that "the complete denial of medical care" satisfies the imminent danger exception, "that is not what is happening here." *Owens v. Acosta*, 2024 WL 2976758, at *2 (S.D. Fla. June 13, 2024) (denying *pro se* prisoner *in forma pauperis* status under § 1915(g) because the "FDOC is aware of Plaintiff's kidney condition, has diagnosed and attempted to treat the condition, considers Plaintiff's condition to be 'urgent,' and is working with Shands Hospital

to schedule surgery as soon as possible."). Perry has been provided medical treatment for his hernia, namely three prior surgeries, and is scheduled for another surgery with an outside medical facility.

Moreover, because the FDOC's grievance response was sent only weeks before Perry filed this action, there is no indication the surgery is not happening or will be purposefully delayed. *See O'Connor v. Suwanee Corr. Inst.*, 649 F. App'x 802, 804-05 (11th Cir. 2016) (affirming denial of *in forma pauperis* status to *pro se* prisoner under § 1915(g), in part, because he did not experience a "complete withdrawal of treatment" as "shortly before his complaint was filed, [he] was seen by medical personnel at [the prison] multiple times and was informed that he would need surgery. … His fears that his surgery might be delayed or his symptoms would lead to cancer [are] speculative and not factually supported."). Perry's desire for a more expedient surgery or one performed by a different outside medical facility does not meet the three-strike exception. *See Gilmore v. Dart*, 2024 WL 2813340, at *2 (7th Cir. June 3, 2024) ("But not receiving the exact type of medical care he sought on the timeline he requested, without more, does not raise an imminent threat of serious physical harm."); *Nelson v. Lee*, 2007 WL 4333776, at *1 (N.D.N.Y. Dec. 5, 2007) (finding no imminent danger of serious physical harm where it appeared that the amputation plaintiff seeks in his complaint has been scheduled, and the relief

he seeks from the court is an order directing that the surgery be performed at a specific facility).

Because Perry is a three-striker who has not paid the filing fee and has not sufficiently alleged he is under imminent danger of serious physical injury, this action should be dismissed. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit").

Accordingly, it is RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Perry is a three-striker who has not paid the filing fee and has not sufficiently alleged he is under imminent danger of serious physical injury.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of May, 2025.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.